**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 13-20062-CR-COOKE

MAGISTRATE JUDGE
TURNOFF

18 U.S.C. § 1349
18 U.S.C. § 1347
18 U.S.C. § 1035
18 U.S.C. § 982
18 U.S.C. § 2

UNITED STATES OF AMERICA

vs.

JOAN KALFUS,
LUCIA OCHOA,
TANYA PEREZ-VALLEDOR,
and
JOSE ROJO,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

At all times relevant to this Indictment,

1.     The Medicare Program ("Medicare") was a health care program providing benefits to persons who were over the age of sixty-five or disabled. Medicare is administered by the Centers for Medicare and Medicaid Services ("CMS"), an agency under the United States Department of Health and Human Services.  Individuals who received benefits under Medicare were referred to as Medicare "beneficiaries."  Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b) and a "Federal health care program," as defined by Title 42, United States Code, Section 1320a-7b(f) .

2.     Part B of the Medicare program covered the reimbursement for partial hospitalization programs ("PHPs") connected with the treatment of mental illness. While the treatment program of PHPs closely resembled that of a highly structured, short-term hospital inpatient program, it was a distinct and organized intensive treatment program that offered less than 24-hour daily care. It was designed, in part, to reduce medical costs by treating qualifying individuals outside a hospital setting.

3.     Under the PHP benefit, Medicare covered the following services: (1) individual and group therapy with physicians, psychologists, and other authorized mental health professionals; (2) occupational therapy; (3) services of social workers, trained psychiatric nurses, and other staff trained to work with psychiatric patients; (4) drugs and biologicals furnished for therapeutic purposes that cannot be self-administered; (5) individualized activity therapies that are not primarily recreational or diversionary; (6) family counseling for treatment of the patient's condition; (7) patient training and education; and (8) diagnostic services.

4.     Part A of Medicare helped pay for the care in facilities such as inpatient care in hospitals. While Medicare generally required that the PHP be provided at a facility that was hospital-based or hospital-affiliated, Medicare also allowed a PHP to be provided in a Community Mental Health Center ("CMHC"). A CMHC is a provider type under Part A of Medicare.

5.     Medicare requires that, to qualify for the PHP benefit, the services must be reasonable and necessary for the diagnosis and active treatment of the individual's condition. The program also must be reasonably expected to improve or maintain the condition and functional level of the patient and to prevent relapse or hospitalization. The program must be

2

prescribed by a physician and furnished under the general supervision of a physician and under an established plan of treatment that meets Medicare requirements.

6.      Typically, a patient who needs this intensive PHP treatment has a long history of mental illness that has been treated.  Patients are ordinarily referred either (a) by a hospital after full inpatient hospitalization for severe mental illness or (b) by a doctor who is trying to prevent full inpatient hospitalization for a severely mentally ill patient the doctor has been treating.

7.      Medicare does not cover programs involving primarily social, recreational, or diversionary activities.

8.      Medicare requires that the PHP keep accurate patient records. On admission, a psychiatrist must complete an Initial Psychiatric Evaluation.  After admission, therapists must complete progress notes for each patient after every group or individual therapy session. Another required record is the Master Treatment Plan, which outlines the objectives and expected functional outcomes for the individual patient, as well as the plan for how the PHP staff intends to reach those objectives and outcomes.

9.      In order to receive payment from Medicare, a CMHC, medical clinic, or physician is required to submit a health insurance claim form to Medicare, called a Form 1450.  The claims may be submitted in hard copy or electronically.

10.     Medicare Part B pays CMHCs and physicians directly for the cost of PHP services furnished to eligible Medicare beneficiaries, provided that the services meet Medicare requirements.

**Defendants and Relevant Individuals and Entities**

11.     Biscayne Milieu Health Center, Inc. ("Biscayne Milieu") was a CMHC located in Miami-Dade County that operated a purported PHP.

12.     Defendant **JOAN KALFUS**, a resident of Miami-Dade County, Florida, was a licensed mental health counselor in Florida who worked as a therapist for Biscayne Milieu.

13.     Defendant **LUCIA OCHOA**, a resident of Miami-Dade County, Florida, was a licensed mental health counselor in Florida who worked as a therapist for Biscayne Milieu.

14.     Defendant **TANYA PEREZ-VALLEDOR**, a resident of Miami-Dade County, Florida, was a licensed mental health counselor in Florida who worked as a therapist for Biscayne Milieu.

15.     Defendant **JOSE ROJO**, a resident of Miami-Dade County, Florida, was a licensed mental health counselor in Florida who worked as a therapist for Biscayne Milieu.

### COUNT 1
**Conspiracy to Commit Health Care Fraud**
**(18 U.S.C. § 1349)**

1.     Paragraphs 1 through 15 of the General Allegations section of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2.     From in or around January 2007, through in or around August 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOAN KALFUS,**
**LUCIA OCHOA,**
**TANYA PEREZ-VALLEDOR,**
**and**
**JOSE ROJO,**

did knowingly and willfully combine, conspire, confederate and agree with each other, and with others known and unknown to the Grand Jury, to violate Title 18, United States Code, Section 1347, that is, to execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises,

4

money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services.

## PURPOSE OF THE CONSPIRACY

3.      It was the purpose of the conspiracy for **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators to unlawfully enrich themselves by, among other things: (a) submitting false and fraudulent claims to Medicare through Biscayne Milieu for services that they never provided to patients, that were not eligible for Medicare reimbursement, and that were not medically necessary; and (b) concealing the submission of false and fraudulent claims to Medicare.

## MANNER AND MEANS OF THE CONSPIRACY

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4.      While working for Biscayne Milieu, **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators caused Medicare to be fraudulently billed for services that they never gave to patients, that they claimed to give to ineligible patients, and that Medicare otherwise did not cover.

5.      **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators falsely certified that they provided group therapy services to patients, when, in fact, at the time of the alleged services they were actually participating in non-reimbursable recreational activities with the patients, that is, holiday picnics.

6.      **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators caused Medicare to be falsely and fraudulently billed for these group therapy sessions that did not occur.

7.      **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators caused Medicare to be falsely and fraudulently billed for full sessions of group therapy, when, in fact, patients were at outside medical appointments, or otherwise did not attend the full sessions.

8.      **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators purported to give individual therapy, group therapy, and other services to Biscayne Milieu patients who did not qualify for PHP treatment and could not benefit from the services. These ineligible patients included, among others, persistent and active drug abusers, persons with dementia, and persons with no history of mental health illness or treatment.

9.      **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators caused Medicare to be falsely and fraudulently billed for services that they allegedly provided to these ineligible patients.

10.      To conceal the fraud, **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators falsified patient records, including psychiatric evaluations, diagnostic assessments, treatment plans, and therapy notes.

11.      **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators falsified patient records by certifying in those records that they provided services to patients, when, in fact, they did not provide the services.

12.      **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators falsified patient records by routinely cutting and pasting, and

causing the cutting and pasting of, information from patient record to patient record, attributing inaccurate quotes and other information to patients and falsifying their treatment progress.

13.     **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators falsified patient records by misrepresenting the condition of ineligible, non-qualifying patients to make them appear eligible for Medicare reimbursement.

14.     **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators falsified records by paying third parties to prepare fraudulent group therapy notes. The third parties were not Biscayne Milieu employees or mental health counselors and had no contact with patients.

15.     From in or around January 2007, through in or around August 2011, **JOAN KALFUS, LUCIA OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their co-conspirators caused Biscayne Milieu to submit false and fraudulent claims to Medicare for services purportedly provided at Biscayne Milieu's PHP in the approximate amount of $57,689,700.

16.     As a result of the submission of these false and fraudulent claims, Medicare paid Biscayne Milieu approximately $11,481,593.

All in violation of Title 18, United States Code, Section 1349.

### COUNTS 2-9
### Health Care Fraud
### (18 U.S.C. §§ 1347 and 2)

1.     Paragraphs 1 through 15 of the General Allegations section of this Indictment are realleged and incorporated by reference as if fully set forth herein.

2.     From in or around January 2007, through in or around August 2011, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**JOAN KALFUS,**
**LUCIA OCHOA,**
**TANYA PEREZ-VALLEDOR,**
**and**
**JOSE ROJO,**

in connection with the delivery of and payment for health care benefits, items, and services, did

knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud

Medicare, a health care benefit program affecting commerce, as defined in Title 18, United

States Code, Section 24(b) and to obtain, by means of materially false and fraudulent pretenses,

representations, and promises, money and property owned by, and under the custody and control

of, Medicare, that is, the defendants, through Biscayne Milieu, submitted and caused the

submission of false and fraudulent claims to Medicare, seeking reimbursement for the cost of

PHP services.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.      It was the purpose of the scheme and artifice for **JOAN KALFUS, LUCIA**

**OCHOA, TANYA PEREZ-VALLEDOR, JOSE ROJO,** and their accomplices to unlawfully

enrich themselves by, among other things: (a) submitting false and fraudulent claims to Medicare

through Biscayne Milieu for services that they never provided to patients, that were not eligible

for Medicare reimbursement, and that were not medically necessary; and (b) concealing the

submission of false and fraudulent claims to Medicare.

## THE SCHEME AND ARTIFICE

4.      The allegations in Paragraphs 4 through 16 of the Manner and Means section of

Count 1 of this Indictment are realleged and incorporated by reference as though fully set forth

herein as a description of the scheme and artifice.

8

## ACTS IN EXECUTION OR ATTEMPTED EXECUTION OF
## THE SCHEME AND ARTIFICE

5.     On or about the dates set forth below, in Miami-Dade County, in the Southern

District of Florida, and elsewhere, the defendants, as listed below, in connection with the

delivery of, and payment for, health care benefits, items, and services, did knowingly and

willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit

program affecting commerce, that is, Medicare, and obtain, by means of materially false and

fraudulent pretenses, representations, and promises, money and property owned by, and under

the custody and control of, Medicare, in connection with the delivery of and payment for health

care benefits, items, and services, as listed below:

| Count | Defendant | Bene. Name | Services Billed | Listed Date of Service | Approx. Date of Claim | Approx. Amt. Billed | Claim Number |
|---|---|---|---|---|---|---|---|
| 2 | JOAN KALFUS | R.R. | Group Psychotherapy | 07/04/09 | 07/06/09 | $1520 | 2091870076 1104NTA |
| 3 | JOAN KALFUS | F.S. | Group Psychotherapy | 07/04/09 | 07/06/09 | $1520 | 2091870069 0104NTA |
| 4 | LUCIA OCHOA | C.S. | Group Psychotherapy | 02/02/10 | 02/08/10 | $200 | 2111160177 8408NTAU |
| 5 | LUCIA OCHOA | C.G. | Group Psychotherapy | 05/31/10 | 06/07/10 | $400 | 2101580084 0004NTA |
| 6 | TANYA PEREZ-VALLEDOR | D.D. | Group Psychotherapy | 05/31/10 | 06/07/10 | $400 | 2101580073 0204NTA |
| 7 | TANYA PEREZ-VALLEDOR | P.A. | Group Psychotherapy | 05/31/10 | 06/07/10 | $400 | 2101580063 8704NTA |

| Count | Defendant | Bene. Name | Services Billed | Listed Date of Service | Approx. Date of Claim | Approx. Amt. Billed | Claim Number |
|---|---|---|---|---|---|---|---|
| 8 | **JOSE ROJO** | R.A. | Group Psychotherapy | 07/04/09 | 07/06/09 | $1520 | 2091870076 0004NTA |
| 9 | **JOSE ROJO** | N.J. | Group Psychotherapy | 07/04/09 | 07/06/09 | $1520 | 2091870075 4104NTA |

In violation of Title 18, United States Code, Sections 1347 and 2.

## COUNT 10
**False Statements Related to Health Care Matters**
**(18 U.S.C. § 1035(a)(2))**

On or about July 4, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### JOAN KALFUS,

in any matter involving a health care benefit program, knowingly and willfully made any materially false, fictitious, and fraudulent statements and representations, and made and used any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant prepared a document titled "Group Notes" which falsely and fraudulently stated that on July 4, 2009, she provided a session of self-esteem group therapy to Medicare beneficiary R.A., when in truth and in fact, and as the defendant then and there well knew, she did not provide a session of self-esteem group therapy to Medicare beneficiary R.A. on July 4, 2009, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNT 11
### False Statements Related to Health Care Matters
### (18 U.S.C. § 1035(a)(2))

On or about July 4, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### JOAN KALFUS,

in any matter involving a health care benefit program, knowingly and willfully made any materially false, fictitious, and fraudulent statements and representations, and made and used any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant prepared a document titled "Group Notes" which falsely and fraudulently stated that on July 4, 2009, she provided a session of self-esteem group therapy to Medicare beneficiary M.B., when in truth and in fact, and as the defendant then and there well knew, she did not provide a session of self-esteem group therapy to Medicare beneficiary M.B. on July 4, 2009, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNT 12
### False Statements Related to Health Care Matters
### (18 U.S.C. § 1035(a)(2))

On or about May 31, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### LUCIA OCHOA,

in any matter involving a health care benefit program, knowingly and willfully made any materially false, fictitious, and fraudulent statements and representations, and made and used any materially false writing and document knowing the same to contain any materially false,

fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant prepared a document titled "Group Notes" which falsely and fraudulently stated that on May 31, 2010, she provided a session of self-esteem group therapy to Medicare beneficiary J.F., when in truth and in fact, and as the defendant then and there well knew, she did not provide a session of self-esteem group therapy to Medicare beneficiary J.F. on May 31, 2010, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNT 13
**False Statements Related to Health Care Matters**
**(18 U.S.C. § 1035(a)(2))**

On or about May 31, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**LUCIA OCHOA,**

in any matter involving a health care benefit program, knowingly and willfully made any materially false, fictitious, and fraudulent statements and representations, and made and used any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant prepared a document titled "Group Notes" which falsely and fraudulently stated that on May 31, 2010, she provided a session of self-esteem group therapy to Medicare beneficiary D.J., when in truth and in fact, and as the defendant then and there well knew, she did not provide a session of self-esteem group therapy to Medicare beneficiary D.J. on May 31, 2010, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNT 14
### False Statements Related to Health Care Matters
### (18 U.S.C. § 1035(a)(2))

On or about May 31, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### TANYA PEREZ-VALLEDOR,

in any matter involving a health care benefit program, knowingly and willfully made any materially false, fictitious, and fraudulent statements and representations, and made and used any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant prepared a document titled "Group Notes" which falsely and fraudulently stated that on May 31, 2010, she provided a session of insight group therapy to Medicare beneficiary M.P., when in truth and in fact, and as the defendant then and there well knew, she did not provide a session of insight group therapy to Medicare beneficiary M.P. on May 31, 2010, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNT 15
### False Statements Related to Health Care Matters
### (18 U.S.C. § 1035(a)(2))

On or about May 31, 2010, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

### TANYA PEREZ-VALLEDOR,

in any matter involving a health care benefit program, knowingly and willfully made any materially false, fictitious, and fraudulent statements and representations, and made and used any materially false writing and document knowing the same to contain any materially false,

13

fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant prepared a document titled "Group Notes" which falsely and fraudulently stated that on May 31, 2010, she provided a session of insight group therapy to Medicare beneficiary A.F., when in truth and in fact, and as the defendant then and there well knew, she did not provide a session of insight group therapy to Medicare beneficiary A.F. on May 31, 2010, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNT 16
**False Statements Related to Health Care Matters**
**(18 U.S.C. § 1035(a)(2))**

On or about July 4, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JOSE ROJO,**

in any matter involving a health care benefit program, knowingly and willfully made any materially false, fictitious, and fraudulent statements and representations, and made and used any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant prepared a document titled "Group Notes" which falsely and fraudulently stated that on July 4, 2009, he provided a session of relapse prevention group therapy to Medicare beneficiary D.W., when in truth and in fact, and as the defendant then and there well knew, he did not provide a session of relapse prevention group therapy to Medicare beneficiary D.W. on July 4, 2009, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

## COUNT 17
### False Statements Related to Health Care Matters
### (18 U.S.C. § 1035(a)(2))

On or about July 4, 2009, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**JOSE ROJO,**

in any matter involving a health care benefit program, knowingly and willfully made any materially false, fictitious, and fraudulent statements and representations, and made and used any materially false writing and document knowing the same to contain any materially false, fictitious, and fraudulent statement and entry, in connection with the delivery of and payment for health care benefits, items, and services, that is, the defendant prepared a document titled "Group Notes" which falsely and fraudulently stated that on July 4, 2009, he provided a session of behavior group therapy to Medicare beneficiary M.S., when in truth and in fact, and as the defendant then and there well knew, he did not provide a session of behavior group therapy to Medicare beneficiary M.S. on July 4, 2009, in violation of Title 18, United States Code, Sections 1035(a)(2) and 2.

### FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982)

1.      The allegations contained in this Indictment are re-alleged and incorporated by reference as though fully set forth herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants,

**JOAN KALFUS,**
**LUCIA OCHOA,**
**TANYA PEREZ-VALLEDOR,**
**and**
**JOSE ROJO**

have an interest.

2.     Upon conviction of any count in this Indictment, the defendant so convicted shall forfeit all of his or her respective right, title and interest in any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such violation, pursuant to Title 18, United States Code, Section 982(a)(7).

4.     The property which is subject to forfeiture includes, but is not limited to, the following:

(a)     A sum of money equal in value to the property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of, or the conspiracy to commit, a Federal health care offense, as alleged in this Indictment, which the United States will seek as a forfeiture money judgment against each defendant so convicted, jointly and severally, as part of their respective sentence; and

(b)     A sum of money equal in value to the property, real or personal, involved in the commission of, or the conspiracy to commit, a money laundering offense, as alleged in this Indictment, or the property traceable to such property, which the United States will seek as a forfeiture money judgment against each defendant so convicted, jointly and severally, as part of their respective sentence.

All pursuant to Title 18, United States Code, Section 982(a)(1) and (a)(7) and the procedures outlined at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL

WIFREDO A. FERRER
UNITED STATES ATTORNEY

MARLENE RODRIGUEZ
ASSISTANT UNITED STATES ATTORNEY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JOAN KALFUS, LUCIA OCHOA,
TANYA PEREZ-VALLEDOR, and
JOSE ROJO,

Defendants.

_____ /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information**

New Defendant(s)        Yes _____   No _____
Number of New Defendants                _____
Total number of counts                      _____

**Court Division:** (Select One)

__X__ Miami    _____ Key West
_____ FTL      _____ WPB      _____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:    (Yes or No)    __No__
    List language and/or dialect    _____

4.  This case will take    __15__    days for the parties to try.

5.  Please check appropriate category and type of offense listed below:

    (Check only one)

    |     |              |          |       | (Check only one) |        |
    |-----|--------------|----------|-------|------------------|--------|
    | I   | 0 to 5 days  | _____   |       | Petty            | _____ |
    | II  | 6 to 10 days | _____   |       | Minor            | _____ |
    | III | 11 to 20 days| __X__    |       | Misdem.          | _____ |
    | IV  | 21 to 60 days| _____   |       | Felony           | __X__  |
    | V   | 61 days and over | _____ |     |                  |        |

6.  Has this case been previously filed in this District Court? (Yes or No)    __No__
    If yes:
    Judge: _____    Case No. _____
    (Attach copy of dispositive order)
    Has a complaint been filed in this matter?    (Yes or No)    __No__
    If yes:
    Magistrate Case No. _____
    Related Miscellaneous numbers: _____
    Defendant(s) in federal custody as of _____
    Defendant(s) in state custody as of _____
    Rule 20 from the _____    District of _____

    Is this a potential death penalty case? (Yes or No)    __No__

7.  Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?    _____ Yes    __X__ No

8.  Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?    _____ Yes    __X__ No

_____
MARLENE RODRIGUEZ
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 120057

*Penalty Sheet(s) attached

REV 4/8/08

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   JOAN KALFUS

**Case No:** _____

Counts  #: 1

Conspiracy to Commit Health Care Fraud

 Title 18, United States Code, Section 1349

**\* Max. Penalty:**     Ten (10) years' imprisonment

Counts  #: 2, 3

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty:**     Ten (10) years' imprisonment as to each count

Counts  #: 10, 11

False Statements Related to Health Care Matters

Title 18, United States Code, Section 1035(a)(2)

**\* Max. Penalty:**     Five (5) years' imprisonment as to each count

Count  #:

_____

_____

**\* Max. Penalty:**

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### PENALTY SHEET

**Defendant's Name**:____ LUCIA OCHOA _____

**Case No**: _____

Counts  #: 1

Conspiracy to Commit Health Care Fraud

 Title 18, United States Code, Section 1349

**\* Max. Penalty**:      Ten (10) years' imprisonment

Counts  #: 4, 5

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty**:      Ten (10) years' imprisonment as to each count

Counts  #: 12, 13

False Statements Related to Health Care Matters

Title 18, United States Code, Section 1035(a)(2)

**\* Max. Penalty**:      Five (5) years' imprisonment as to each count

Count  #:

_____

_____

**\* Max. Penalty**:

      **\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

Defendant's Name:____ TANYA PEREZ-VALLEDOR

Case No: _____

Counts #: 1

Conspiracy to Commit Health Care Fraud

 Title 18, United States Code, Section 1349

**\* Max. Penalty**:     Ten (10) years' imprisonment

Counts #: 6, 7

Health Care Fraud

Title 18, United States Code, Section 1347

**\* Max. Penalty**:     Ten (10) years' imprisonment as to each count

Counts #: 14, 15

False Statements Related to Health Care Matters

Title 18, United States Code, Section 1035(a)(2)

**\* Max. Penalty**:     Five (5) years' imprisonment as to each count

Count #:

_____

_____

**\* Max. Penalty**:

**     \*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:____JOSE ROJO_____

**Case No**: _____

Counts  #: 1

Conspiracy to Commit Health Care Fraud_____

 Title 18, United States Code, Section 1349_____

**\* Max. Penalty**:     Ten (10) years' imprisonment_____

Counts  #: 8, 9

Health Care Fraud_____

Title 18, United States Code, Section 1347_____

**\* Max. Penalty**:     Ten (10) years' imprisonment as to each count___

Counts  #: 16, 17

False Statements Related to Health Care Matters_____

Title 18, United States Code, Section 1035(a)(2)_____

**\* Max. Penalty**:     Five (5) years' imprisonment as to each count___

Count  #:

_____

_____

**\* Max. Penalty**: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**