UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20062-CR-COOKE

FILED by ___ D.C.
APR 30 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

UNITED STATES OF AMERICA

vs.

JOAN KALFUS,

       **Defendant.**
_____/

## PLEA AGREEMENT

The United States of America and JOAN KALFUS (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 1 of the Indictment, which charges her with conspiring to commit health care fraud, in violation of Title 18, United States Code, Section 1349.

2. The United States agrees to dismiss the remaining counts of the Indictment after sentencing.

3. The defendant is aware that the sentence will be imposed by the court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the court relying in part on the results of a Pre-Sentence Investigation by the court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence

under the Sentencing Guidelines. The defendant is further aware and understands that the court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose that sentence; the court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the defendant understands and acknowledges that the court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the court may impose a statutory maximum term of imprisonment of up to 10 years, followed by a maximum term of supervised release of up to three years. In addition to a term of imprisonment and supervised release, the court may impose a fine of up to $250,000, or not more than the greater of twice the gross gain or twice the gross loss from the offense.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a mandatory special assessment in the amount of $100.00 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office") reserves the right to inform the court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations

2

contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, the government will make a motion requesting an additional one-level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently. The United States also agrees that it will recommend a sentence at the low end of the advisory guideline range, as that range is determined by the court. The United States, however, will not be required to make this motion and this recommendation if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the court, they will jointly recommend that the court make the following

3

findings and conclusions regarding the application of the Sentencing Guidelines:

> <u>Fraud Loss:</u> That the relevant amount of actual, probable, or intended loss under Sentencing Guidelines Section 2B1.1 resulting from the offense committed is more than $20 million but less than $50 million, resulting in a 22-level enhancement from the base offense level.

9. The Government agrees that, other than the enhancement identified in Paragraph 8, the Court should not apply any other enhancement in determining the advisory guidelines range.

10. The United States will recommend that the Court, pursuant to 18 U.S.C. § 3553(a), should impose a sentence that is below the advisory guideline range based on the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The defendant understands and acknowledges that the Court is under no obligation to impose a sentence that is below the advisory guidelines range.

11. The defendant is aware that the sentence has not yet been determined by the court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the court. The defendant understands further that any recommendation that the government makes to the court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the court and the court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw her plea based upon the court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant also agrees to forfeit to the United States voluntarily and immediately all of her right, title and interest in all property real or personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense, pursuant to 18 U.S.C. section 982(a)(7). The defendant knowingly and voluntarily agrees to waive any claim or defense she may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited asset. The defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said assets.

13. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific

finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

14. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 4/24/13          By: _____
                            MARLENE RODRIGUEZ
                            ASSISTANT U.S. ATTORNEY

Date: 4/24/13          By: _____
                            ANNE LYONS
                            ATTORNEY FOR DEFENDANT

Date: 4/24/13          By: _____
                            JOAN KALFUS
                            DEFENDANT