

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-20062-CR-COOKE

UNITED STATES OF AMERICA

vs.

LUCIA OCHOA,

        **Defendant.**
_____/

## FACTUAL PROFFER

    Had this case gone to trial the government would have proven the following beyond a reasonable doubt:

    From at least January 1, 2007, and continuing through about September 2011, the defendant Lucia Ochoa, knowingly and willfully conspired and agreed with others to commit health care fraud in violation of 18 U.S.C. §1349.

    Lucia Ochoa is a licensed mental health counselor who worked as a therapist for Biscayne Milieu Health Center, Inc. (Biscayne Milieu). Biscayne Milieu was a community mental health center in Miami, Florida. It purported to run a partial hospitalization program for acutely mentally ill patients. Ochoa conducted group therapy sessions for patients attending Biscayne Milieu's PHP program. Under Medicare rules and regulations, however, most patients did not qualify for treatment.

    For example, there were patients who suffered from Alzheimer's disease and dementia. Other patients had no history psychological illness or treatment. And, many patients were active or persistent drug users. These types of patients did not qualify for PHP treatment under Medicare rules. Nonetheless, they were admitted to the program by psychiatrists and others at Biscayne Milieu. Claims were submitted to Medicare for their alleged treatment.

    Medicare requires accurate documentation of each patient's treatment and progress. On her own and together with others, Ochoa created false group therapy notes. For example, Ochoa paid co-defendant Jose Rojo's brother -- Yandy Perez -- to prepare group therapy notes for her patients. Yandy was not a therapist. He simply made up the notes. Jose Rojo introduced Ochoa to Yandy and assured Ochoa that he had trained Yandy on how to create the false notes.

    In addition, Ochoa falsified notes through copying and pasting. That is, rather than create a true therapy note for each patient in her session, she copied information from one patient's note and pasted it into a different patient's note. This included attributing the same quotes to different patients on different days.

     Ochoa also created notes for days for therapy sessions that were not provided to patients. For example, Ochoa would create, or cause the creation of, group therapy notes on holidays when Biscayne Milieu took its patients to parks for recreation (which Medicare does not cover). She prepared notes falsely stating that each patient had attended four group therapy sessions on those holidays when, in fact, four group therapy sessions did not occur. Medicare was billed for these sessions.

     Ochoa also created notes for a patient, C.S., falsely stating that he was in group therapy sessions when, in fact, he was not.

     Between January 1, 2007, and about September 2011, Biscayne Milieu billed Medicare approximately $56 million. Since there were times when Ochoa worked part-time at Biscayne Milieu, the intended loss attributable to her is between $20 million and $50 million. As a result of Biscayne Milieu's billings, Medicare paid the Center about $11 million.

     This factual proffer is a summary of the criminal activity of which Lucia Ochoa is aware. It does not contain every detail about the crimes.

WIFREDO A. FERRER  
UNITED STATES ATTORNEY

Date: 4/24/13

_____  
MARLENE RODRIGUEZ  
ASSISTANT U.S. ATTORNEY

Date: 4-24-13

_____  
KRISTI KASSEBAUM  
ATTORNEY FOR DEFENDANT

Date: 4-24-13

_____  
LUCIA OCHOA  
DEFENDANT